Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1173 | **DATE** | 3/28/11 |
| **CASE TITLE** | Samuel Quinn (N-02809) v. Marcus Hardy, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to file his complaint *in forma pauperis* [4] is granted. The Court assesses an initial partial filing fee of $2.03. The trust fund account officer at Plaintiff's place of confinement is authorized to make deductions from Plaintiff's trust fund account in accordance with this order. The clerk shall send a copy of this order to the trust fund account officer at the Cook County Jail. Plaintiff's motion for the appointment of counsel [3] is granted. The Court appoints Daniel L. Stanner, Tabet, DiVito, Rothstein, 209 South LaSalle Street, 7th Floor, Chicago, IL 60604, 312 762 9461, to represent Plaintiff in accordance with counsel's trial bar obligation under N.D. Ill. Local Rules 83.11(g). Within 30 days of the date of this order, counsel shall enter an appearance and inform the Court whether he intends to proceed with the current complaint or submit an amended one, if an amended complaint comports with counsel's obligations under Fed. R. Civ. P. 11. The clerk shall mail a copy of the complaint to counsel.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Samuel Quinn (N-02809), an inmate at the Stateville Correctional Center, has filed this 42 U.S.C. § 1983 action against Stateville Warden Marcus Hardy and the prison's head physician Dr. Partha Ghosh. Plaintiff states that he has a post-surgical nerve condition in his left foot and a back condition and that both conditions cause debilitating pain to the extent that climbing or descending stairs is extremely difficult. Plaintiff states that Dr. Ghosh had written him a no-stairs permit and has prescribed muscle relaxers and pain medication, but that Plaintiff's problems have persisted. Plaintiff alleges that Dr. Ghosh has become indifferent to the treatment of Plaintiff's conditions and that Hardy has ignored Plaintiff's grievances and requests for additional medical attention, including renewal of his no-stairs permit.

Plaintiff seeks to file his complaint *in forma pauperis*. However, he has accumulated three strikes pursuant to 28 U.S.C. § 1915(g), based upon the dismissal of at least three of his prior cases for failure to state claim: *Quinn v. Sheahan*, No. 06 C 3067 (N.D. Ill. June 27, 2006) (Plunkett, J.); *Quinn v. Sheahan*, No. 06 C 3065 (N.D. Ill. June 26, 2006) (Plunkett, J.); *Quinn v. Sheahan*, No. 06 C 447 (N.D. Ill. June 14, 2006) (Plunkett, J.); *Quinn v. Blagojevich*, No. 05 C 2018, (N.D. Ill. April 27, 2005) (Holderman, J.); *Quinn v. Himel*, No. 04 C 1076 (N.D. Ill. Feb. 23, 2004) (St. Eve, J.). Accordingly, to proceed *in forma pauperis* in the instant case, Plaintiff must demonstrate that he is imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Accepting the allegations of Plaintiff's complaint as true, which this Court must at this stage, Plaintiff has demonstrate imminent danger. *Bond v. Aguinaldo*, 228 F. Supp. 2d 918, 919 (N.D. Ill. 2002) (allegation of a medical problem that is "serious and ongoing and causing . . . severe pain" warrants a finding of imminent danger); *see also Shelley v. Renyolds*, No. 08-CV-30, 2009 WL 331874, *2 (W.D. Wis. Jan. 30, 2009) (Crabb, J.) (extreme pain caused by inability to obtain medication was imminent danger). Plaintiff's allegations of deliberate inadequate treatment of a back and post-surgical foot problem causing severe pain sufficiently alleges imminent danger.
(CONTINUED)

isk

| STATEMENT (continued) |
|---|

  This Court finds that Plaintiff is unable to pay the filing fee and grants his motion to file his complaint *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), he is assessed an initial partial filing fee of $2.03. The trust fund officer at Stateville is authorized to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, U.S. District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall identify Plaintiff's name and this action's case number. Plaintiff shall remain responsible for the payment of the filing fee, and Stateville authorities shall notify transferee authorities of any outstanding balance in the event he is transferred.

  Preliminary review of the complaint, *see* 28 U.S.C. § 1915A, indicates that Plaintiff has stated a colorable cause of action against both Dr. Partha Ghosh and Marcus Hardy. Plaintiff alleges that Dr. Ghosh has become deliberately indifferent with the treatment of Plaintiff's conditions, thus causing Plaintiff to have to endure pain. Plaintiff further states that he personally informed Hardy of Plaintiff's inability to get proper treatment and a no-stairs permit, but has received no response. Although parts of Plaintiff's complaint are sketchy and unclear, and the inclusion of what appears to be most of his medical records seems unnecessary, his complaint sufficiently alleges enough to proceed. *See Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007). Plaintiff may thus proceed against Dr. Ghosh and Warden Hardy.

  Given the nature of Plaintiff's claims, as well as the somewhat unfocussed nature of his complaint, the Court grants Plaintiff's motion for the appointment of counsel. The Court appoints Daniel L. Stanner, Tabet, DiVito, Rothstein, 209 South LaSalle Street, 7th Floor, Chicago, IL 60604, 312 762 9461, to represent Plaintiff in accordance with counsel's trial bar obligations under Local Rules 83.11(g) and 83.37. Within 30 days of the date of this order, counsel should enter an appearance and, after communicating with Plaintiff, inform the Court whether he intends to proceed with the original complaint or file an amended one, if such a complaint is within his/her duties under Fed. R. Civ. P. 11. If counsel is able to negotiate a treatment plan acceptable to the parties and settle Plaintiff's claims during that time, counsel may so inform the Court and submit a stipulation of dismissal in lieu of submitting an amended complaint.