UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMUEL QUINN, | ) |
|       Plaintiff, | ) ) ) ) Case No. 11-CV-1173 |
| v. | ) ) |
| MARCUS HARDY, et al., | ) ) ) Judge John W. Darrah |
|       Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Samuel Quinn filed an Amended Complaint against Defendants Marcus Hardy and Parthasarathi Ghosh, seeking recovery under 42 U.S.C. § 1983. Specifically, Plaintiff's Complaint contains two counts: Count I alleges Defendant Hardy breached his duty to safeguard by requiring Plaintiff to use stairs in the Stateville Correctional Center; Count II alleges Defendant Ghosh failed to administer adequate medical care. Defendant Hardy filed a motion for summary judgment as to Count I, pursuant to Federal Rule of Civil Procedure 56, arguing Plaintiff failed to exhaust his administrative remedies as required by the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a). For the reasons set forth below, Defendant Hardy's Motion for Summary Judgment is granted.

## BACKGROUND

Plaintiff filed his original Complaint on February 18, 2011, in conjunction with an application to proceed *in forma pauperis* and to have counsel appointed. Both of Plaintiff's requests were granted. Plaintiff, through his appointed legal counsel, then

filed his First Amended Complaint on August 17, 2011, alleging: (1) Defendant Hardy exercised deliberate indifference by requiring Plaintiff to use stairs, in violation with Defendant Ghosh's medical recommendations; and (2) Defendant Ghosh failed to administer adequate medical remedy despite repeated complaints from the Plaintiff.[1] (Am. Compl. ¶¶ 17-20.) Defendant Hardy moves for summary judgment in his favor, arguing Plaintiff is barred from seeking recovery under Section 1983 because he has failed to exhaust his administrative remedies.

Local Rule 56.1(a)(3) requires the party moving for summary judgment to provide "a statement of material facts as to which the moving party contends there is no genuine issue." Rule 56.1(b)(3) then requires the nonmoving party to admit or deny each factual statement proffered by the moving party and to concisely designate any material facts' that establish a genuine dispute for trial. *See Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). A litigant's failure to dispute the facts set forth in its opponent's statement in the manner dictated by Local Rule 56.1 results in those facts being deemed admitted for purposes of summary judgment. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); *see also* Local Rule 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party.").

Local Rule 56.1(b)(3)(C) permits additional material facts to be provided by the nonmoving party. However, Plaintiff, the nonmoving party, failed to submit any additional facts, nor did Plaintiff admit or deny Defendant Hardy's factual statements

---

[1] Since 2004, this is Plaintiff's eighth lawsuit filed in the Northern District of Illinois relating to his imprisonment. (Am. Compl. ¶ 5.)

pursuant to Local Rule 56.1(b)(3). Because Plaintiff did not deny any of Defendant Hardy's factual statements, they are admitted.[2]

The following is taken from Defendant Hardy's statement of undisputed material facts submitted in accordance with Local Rule 56.1. Plaintiff is an inmate in the Stateville Correctional Center. (Def.'s 56.1(a)(3) ¶ 1.) Defendant Hardy was the Warden of Stateville Correction Center at the time of the alleged violation. (*Id.* ¶ 2.) Plaintiff alleges he has had ongoing lower back and left foot injuries which cause him pain. (*Id.* ¶ 7.) Plaintiff alleges he received medical attention for these injuries from Defendant Ghosh on October 23, 2010; Defendant Ghosh, a doctor, recommended Plaintiff stop using the stairs at Stateville. (*Id.* ¶¶ 7-8.) Plaintiff alleges Defendant Hardy acted with deliberate indifference with respect to Plaintiff's health and safety by requiring him to use the stairs in prison, causing Plaintiff anguish and pain. (Am. Compl. ¶ 17.) According to Plaintiff's Amended Complaint, Defendant Hardy required Plaintiff to use the stairs, despite Defendant Ghosh's recommendation, in January 2011. (*Id.* ¶ 16.)

The Illinois Department of Corrections has a formal grievance procedure established for inmates: first, an inmate must attempt to resolve grievances through his counselor; then, if the issue is not resolved, the inmate may file a written grievance. (Def.'s 56.1(a)(3) ¶¶ 10-11.) The facility Grievance Officer may personally interview the inmate or witnesses, or obtain relevant documents to determine the relative merit of the inmate's grievance. (*Id.* ¶ 11.) Once the Grievance Officer has completed the investigation, the results of the investigation and suggested relief, if appropriate, is

---

[2] Plaintiff filed "Plaintiff's Response to Defendant Hardy's Motion for Summary Judgment" with attached exhibits, which is discussed below.

3

forwarded to the Chief Administrative Officer ("CAO"). (*Id.* ¶ 12.) The CAO's decision is submitted to the inmate; if he disagrees with the decision, he may appeal in writing to the Director of the Department by submitting the Grievance Officer's report and the CAO's decision. (*Id.* ¶¶ 12-13.) The Administrative Review Board ("ARB") is designated by the Director of the Department and reviews the inmate's appeal to determine whether the inmate's grievance requires a hearing. (*Id.* ¶ 14.) The ARB prepares a report of its findings and recommendations for the Director, who reviews the report and makes a final determination as to the inmate's grievance; both the ARB's report and the Director's decision are sent to the inmate. (*Id.* ¶¶ 14-15.)

An inmate may also request an emergency grievance by forwarding the grievance directly to the CAO; if the CAO determines there is a substantial risk of imminent personal injury or other serious or irreparable harm to the inmate, the grievance may be handled on an emergency basis. (*Id.* ¶ 16.) An inmate may appeal the CAO's decision regarding the emergency grievance to the ARB; the appeal is then handled in accordance with the procedures described above. (*Id.* ¶ 16.)

A search of the records maintained by the Illinois Department of Corrections ARB has been performed. (*Id.* ¶ 17.) The records indicate Plaintiff did not utilize the grievance system to file any grievances between January 1, 2011, and February 28, 2011, regarding medical treatment for an injured foot or back nor Defendant's alleged requirement that Plaintiff use the stairs, as stated in the Amended Complaint. (*Id.*) Plaintiff has not properly filed an administrative grievance on the issues alleged against

4

Defendant Hardy in his Amended Complaint, as required by the policy and procedures established by the Illinois Department of Corrections. (*Id.* ¶ 18.)

## LEGAL STANDARD

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying the evidence it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). If the moving party meets this burden, the nonmoving party cannot rest on conclusory pleadings but "must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Serfecz v. Jewel Food Stores*, 67 F.3d 591, 596 (7th Cir. 1995) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986)). A mere scintilla of evidence is not sufficient to oppose a motion for summary judgment, nor is a metaphysical doubt as to the material facts. *Robin v. Espo Eng. Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000) (citations omitted). Rather, the evidence must be such "that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (*Anderson*)).

In considering a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Abdullahi v. City of Madison*, 423 F.3d 763,

773 (7th Cir. 2005) (citing *Anderson*, 477 U.S. at 255). The court does not make credibility determinations or weigh conflicting evidence. *Id.*

## ANALYSIS

The Prisoner Litigation Reform Act provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The failure to exhaust administrative remedies by a prisoner is an affirmative defense. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008) (citing *Jones v. Bock*, 549 U.S. 199 (2007)). The case law insists upon the exhaustion of administrative remedies in order to permit the prisoner to submit grievances in a timely fashion and also to give the prison system a fair opportunity to consider a grievance. *See Pavey v. Conley*, 663 F.3d 899, 905-06 (7th Cir. 2011) (quoting *Woodford v. Ngo*, 548 U.S. 81, 95 (2006)).

Before Plaintiff may bring a suit under Section 1983 in this Court, he must follow the multi-step grievance procedure established by the Illinois Department of Corrections and used in the Stateville Correctional Center. *See* Ill. Admin. Code tit. 20, § 504.800 *et seq.* This procedure was explained at length in the factual background above and described in Defendant's undisputed statement of material facts, pursuant to Local Rule 56.1(a)(3).

Plaintiff alleges in his Amended Complaint that "[i]n January 2011, Defendant Hardy began requiring Plaintiff to use stairs against the direct recommendations of Dr. Ghosh." (Am. Compl. ¶ 16.) Count I of the Amended Complaint names Defendant

6

Hardy directly: "Defendant Hardy exercised deliberate indifference to [p]laintiff's health and safety by requiring Plaintiff to take the stairs in direct violation of Dr. Ghosh's medical recommendations. As a result of the deliberate indifference exercised by Defendant Hardy, Plaintiff suffered and continues to suffer serious harm causing mental anguish and ongoing pain." (*Id.* ¶¶ 17-18.) The other count in the Amended Complaint, Count II, Failure to Administer Adequate Medical Remedy, names only Defendant Ghosh.

As stated in the undisputed material facts, a search of the Illinois Department of Corrections ARB records shows Plaintiff filed no grievances between January 1, 2011 and February 28, 2011. (Def.'s 56.1(a)(3) ¶ 17.) He alleges in the Amended Complaint that Defendant Hardy breached his duty to safeguard Plaintiff beginning in January 2011. Thus, Plaintiff failed to file a grievance on the issue of Defendant Hardy's requiring Plaintiff to take the stairs against the doctor's orders. The protocol established by the Illinois Department of Corrections requires a prisoner to file a grievance "within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." Ill. Admin. Code tit. 20, § 504.810(a). Plaintiff does not claim to have filed a grievance after Defendant Hardy required Plaintiff to use the stairs, and the record search performed by the Department of Corrections indicates none has been filed. Thus, Plaintiff has failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a).

Even if Plaintiff's Response and attached exhibits were to be construed as conforming with Local Rule 56.1, Plaintiff states no additional facts that would rebut

Defendant Hardy's assertion regarding Plaintiff's failure to exhaust administrative remedies. Rather, in his Response, Plaintiff focuses on three grievances filed by Plaintiff regarding his medical treatment in 2010. Specifically, Plaintiff filed an emergency grievance on May 10, 2010, seeking immediate access to outside medical treatment. He filed another emergency grievance on September 20, 2010, claiming he was failing to receive medical care. He filed a third emergency grievance on October 27, 2010, again seeking medical treatment. (See. Pl. Resp. Ex. A-C.) However, the grievances filed by Plaintiff regarding his medical treatment and cited in his Response Brief would go to support his claim against Defendant Ghosh regarding the doctor's failure to provide adequate medical care. None of the grievances Plaintiff claims to have filed in 2010 could have relayed his complaint regarding Defendant Hardy's directive to use the stairs, because Plaintiff alleges Defendant Hardy ordered him to use the stairs beginning in January of 2011.

Plaintiff has failed to exhaust his administrative remedies by filing grievances regarding Defendant Hardy's ordering him to use the stairs despite the medical recommendations of Defendant Ghosh. Because Plaintiff has failed to exhaust his administrative course of action as to this claim against Defendant Hardy, Plaintiff may not bring an action against Defendant Hardy under 42 U.S.C. § 1983.

## CONCLUSION

In light of the foregoing analysis, Defendant Hardy's Motion for Summary Judgment as to Plaintiff's Breach of Duty to Safeguard claim (Count I) is granted, and

Count I of the Amended Complaint is dismissed. Only Count II of the Amended Complaint, regarding Defendant Ghosh's alleged inadequate medical treatment, remains.

Date: March 22, 2012

JOHN W. DARRAH
United States District Court Judge