# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SAMUEL QUINN, ) | |
| ) | |
| Plaintiff, ) | Case No. 11 C 1173 |
| ) | |
| v. ) | Hon. Judge John Z. Lee |
| ) | |
| MARCUS HARDY, ) | |
| PARATHASARATHI GHOSH, ) | |
| and WEXFORD HEALTH SOURCES, INC. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Samuel Quinn, a prisoner at Stateville Correctional Center, has sued Defendants Parthasarathi Ghosh and Wexford Health Sources, Inc. for deliberate indifference in failing to provide Plaintiff with adequate medical care, pursuant to 42 U.S.C. § 1983 ("Section 1983"). Defendants move to dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth herein, Defendants' motion is denied.

## Facts[1]

Plaintiff is incarcerated in Lockport, Illinois at Stateville Correctional Center ("Stateville"), which is operated by the Illinois Department of Corrections ("IDOC"). (2d Am. Compl. ¶ 3.) Defendant Ghosh was previously employed or retained by the IDOC to provide medical services to inmates at Stateville. (*Id.* ¶ 4.) Plaintiff underwent surgery on his left foot some time around January 2006, and has since required the use of crutches, wheelchairs, and/or

---

[1] The following facts are taken from Plaintiff's Second Amended Complaint and are assumed to be true for purposes of this motion to dismiss. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995).

special orthopedic shoes. (*Id.* ¶ 6.) In addition to his left foot condition, Plaintiff has also suffered from lower back pain since October 2008. (*Id.*)

On April 2, 2009, Plaintiff requested that Defendant Ghosh treat Plaintiff's back and foot conditions with physical therapy. (*Id.* ¶ 7.) Plaintiff began receiving physical therapy from Defendant Ghosh in August 2009 for his back pain. (*Id.*) Since receiving physical therapy from Defendant Ghosh, Plaintiff's back pain has allegedly become more severe. (*Id.*) As a result, Plaintiff told Defendant Ghosh that he required additional medical attention, but Defendant Ghosh ignored his requests and failed to provide Plaintiff with further treatment. (*Id.* ¶¶ 8-9.) Specifically, Plaintiff alleges that Defendant Ghosh knew of Plaintiff's medical conditions and refused to: (1) schedule an appointment to meet with Plaintiff; (2) evaluate Plaintiff's condition; and (3) provide Plaintiff with new treatment. (*Id.* ¶ 14.) Plaintiff's pain has worsened as a result of Defendant Ghosh's alleged deliberate indifference toward Plaintiff. (*Id.*) Furthermore, since 2009, Plaintiff alleges that he informed Ghosh repeatedly that he required treatment. (*Id.* ¶ 9.) In addition, Plaintiff underwent hunger strikes and attempted suicide as a result of Defendant Ghosh's failure to treat his conditions. (*Id.*) At some time after 2009, Defendant Ghosh left his position at Stateville. (*Id.* ¶ 9.)

Defendant Wexford is a private corporation that has contracted with the IDOC to provide medical services to the inmates at various IDOC facilities, including Stateville. (*Id.* ¶ 5.) Since Defendant Ghosh's departure, other Defendant Wexford employees have assumed Defendant Ghosh's responsibilities for providing Stateville inmates with medical treatment. (*Id.* ¶ 10.) Furthermore, since 2009, Plaintiff has repeatedly informed Wexford that he required treatment. (*Id.* ¶ 10.) Plaintiff alleges that Defendant Wexford systematically ignored Plaintiff's requests for medical attention beginning in early 2011. (*Id.* ¶¶ 12-13, 16.) Additionally, Plaintiff alleges

that Defendant Wexford has a policy of ignoring other IDOC prisoners' medical requests, as well. (*Id.* ¶¶ 13, 16.) Plaintiff's condition has worsened as a result of Defendant Wexford's alleged deliberate indifference toward Plaintiff. (*Id.* ¶ 17.)

Defendants move to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) on four grounds. They contend that: first, the complaint as to Defendant Wexford does not comply with the applicable statute of limitations; second, Plaintiff fails to state a claim against either Defendant because he fails to specify how he exhausted his administrative remedies; third, Plaintiff fails to state a claim against Defendant Wexford because his complaint does not sufficiently allege a policy or custom of Defendant Wexford; and fourth, Plaintiff fails to state a claim against Defendant Ghosh because he has not sufficiently alleged that Defendant Ghosh acted with deliberate indifference in failing to adequately treat Plaintiff.

## Discussion

### A. Statute of Limitations and Exhaustion of Administrative Remedies

The Court rejects Defendants' first two arguments because they are based on affirmative defenses that constitute improper grounds for granting a Rule 12(b)(6) motion. A plaintiff's violation of a statute of limitations provides the defendant with an affirmative defense. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012); Fed. R. Civ. P. 8(c)(1). Similarly, a plaintiff's failure to exhaust administrative remedies is an affirmative defense. *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008); *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). At the pleading stage, plaintiffs are not required to anticipate and defeat affirmative defenses. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). As such, a lawsuit cannot be properly dismissed under Rule 12(b)(6) due to a plaintiff's failure to plead around an affirmative defense in the complaint. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir.

3

2012). However, an exception exists where a plaintiff's complaint establishes all of the necessary elements of an affirmative defense; in that case, dismissal under Rule 12(b)(6) is appropriate. *See Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (citing *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)) (internal citation omitted). Therefore, Defendants' Rule 12(b)(6) motion can only be granted if the complaint affirmatively alleges that Plaintiff either violated the applicable statute of limitations, or failed to exhaust his administrative remedies.

Here, Plaintiff's complaint fails to satisfy the necessary elements of either affirmative defense. First, Defendant Wexford argues that Plaintiff added Defendant Wexford to the complaint based on conduct that occurred outside of the applicable statute of limitations. Specifically, Defendant Wexford argues that Plaintiff added Defendant Wexford to the complaint in 2012 on the basis of its failure to treat Plaintiff in 2009. Defendant Wexford further asserts that the applicable statute of limitations is two years. However, because the complaint alleges that Defendant Wexford's mistreatment of Plaintiff continued beyond early 2011, when Wexford became the sole provider of services at IDOC facilities, Plaintiff has not pleaded himself out of court. Therefore, the Court denies Defendants' motion to dismiss based on Defendants' statute of limitations theory.

Similarly, Plaintiff's complaint does not demonstrate that he failed to exhaust his administrative remedies prior to filing the complaint. Defendants argue that Plaintiff was required to complete three administrative steps prior to filing the complaint, in accordance with 20 Ill. Admin. Rule § 504.800-870. However, the complaint is devoid of any facts related to the administrative process. Additionally, Plaintiff alleges that he repeatedly reached out to both Defendants over the course of 2+ years in an attempt to receive proper treatment, to no avail. (2d

Am. Compl. ¶¶ 14, 16.) Because the complaint does not establish that Plaintiff failed to exhaust his administrative remedies, the Court rejects Defendants' second argument.

B.  **Failure to Establish a Policy or Custom of Defendant Wexford**

Defendants next assert that Plaintiff fails to state a proper claim pursuant to § 1983 because he fails to allege that his injuries were caused by an express policy or custom of Defendant Wexford. In response, Plaintiff argues that he need only prove the policy/custom elements of a § 1983 claim when directly suing a village or municipality. Plaintiff is incorrect. At the same time, his complaint contains sufficient allegations of a Defendant Wexford policy or custom to survive a motion to dismiss under Rule 12(b)(6).

Municipalities, government agents, or policymaking individuals can be held liable pursuant to § 1983 for the constitutional deprivations of their constituents. *See Monell v. City of New York*, 436 U.S. 658 (1978). However, unlike with private defendants, in order to sustain a § 1983 action against a public official, local government, or government agent, a plaintiff must show that his injury was caused by an express policy or custom of the defendant. *See Gayton v. McCoy*, 593 F.3d 610, 621 (7th Cir. 2010); *Latuszkin v. City of Chi.*, 250 F.3d 502, 504 (7th Cir. 2001). Specifically, a plaintiff must demonstrate one of three things: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Waters v. City of Chi.*, 580 F.3d 575, 581 (7th Cir. 2009) (quoting *Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007)).

Here, Plaintiff argues that he does not have to allege the policy/custom elements of a § 1983 municipal liability claim because Defendant Wexford is neither a village nor a

5

municipality. Plaintiff's assertion is incorrect. While *Monell* dealt exclusively with a § 1983 claim against a municipality, recent Seventh Circuit decisions demonstrate that *Monell* applies similarly to government agents, as well as to individual policymakers in their official capacities. *See Gayton*, 593 F.3d at 621. In *Gayton*, the Seventh Circuit held that a similar, for-profit medical company that provides health care in Illinois state prisons was a "government agent" for purposes of § 1983 municipal liability. *See id.* (finding that Advanced Correctional Healthcare, Inc., a private company, was an official government agent). Therefore, contrary to Plaintiff's assertion, the complaint must contain adequate allegations of a policy or custom of Wexford to survive dismissal under Rule 12(b)(6).

With this standard in mind, the Court finds that the complaint surpasses this hurdle. Specifically, Plaintiff's allegations that Defendant Wexford systematically ignored his requests for medical treatment, and that Defendant Wexford has a policy of ignoring the medical requests of himself as well as other inmates are sufficient to satisfy *Monell*, at least at this preliminary stage of the proceedings.

In support of its motion to dismiss, Defendant Wexford argues that such allegations are merely conclusory and insufficient under Rule 12(b)(6). To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, a complaint that merely enumerates elements of the cause of action that it is attempting to prove is not sufficient to survive a motion to dismiss under Rule 12(b)(6). *Id.* In the context of § 1983, a complaint need not meet a heightened pleading standard to survive a motion to dismiss. *See*

*Heyde v. Pittenger*, 633 F.3d 512, 516 (7th Cir. 2011). Rather, dismissal of a § 1983 complaint is proper only if the complaint fails to allege "'enough facts to state a claim to relief that is plausible on its face.'" *Id.* at 517 (quoting *Twombly*, 550 U.S. at 570).

While Plaintiff's factual allegations involving a Defendant Wexford policy or custom may be thin, the Court finds that they are sufficient to demonstrate a plausible claim for relief under § 1983. For instance, Plaintiff alleges that Defendant Wexford has systematically ignored all of his requests for help and complaints of pain. (2d Am. Compl. ¶ 16.) Additionally, the complaint alleges that Defendant Wexford's treatment of Plaintiff is not unique, but rather the result of its general policy of ignoring inmates' requests for medical attention. (*Id.*) If found to be true, Defendant Wexford's repeated disregard of inmates' medical needs would plausibly constitute "a widespread practice that is so permanent and well-settled that it constitutes a custom or practice," *Waters*, 580 F.3d at 581, thereby satisfying the requirements under *Monell*.

## C. Deliberate Indifference to a Serious Medical Condition

Lastly, Defendants assert that Plaintiff fails to state a proper claim against Defendant Ghosh for deliberate indifference to a serious medical condition. Defendants' argument is based on three theories: first, Plaintiff does not have an objectively serious medical condition; second, Plaintiff fails to allege that Defendant Ghosh exercised deliberate indifference toward his condition; and third, Defendant Ghosh actually treated Plaintiff. These arguments are unpersuasive.

To set forth a cause of action for deliberate indifference, a plaintiff must allege that: (1) plaintiff had an objectively serious medical condition; (2) the defendant knew of the condition and was deliberately indifferent to treating him; and (3) this indifference caused him some injury. *See Gayton*, 593 F.3d at 619; *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008); *Qian v.*

*Kautz*, 168 F.3d 949, 955 (7th Cir. 1999). To satisfy the first element, a plaintiff must show that his condition "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. Importantly, a plaintiff does not have to show that his condition is life threatening so long as he alleges that he is susceptible to further injury or the serious infliction of pain if left untreated. *See Reed v. McBride*, 178 F.3d 849, 852 (7th Cir. 1999). Concerning the second element, a plaintiff must show that the defendant both had subjective knowledge of his condition, and that the defendant intentionally disregarded the risk to his health. *See Gayton*, 593 F.3d at 619. Lastly, a plaintiff must allege that his injury/condition was caused, or made more severe, by the defendant's § 1983 violation. *See Berman v. Young*, 291 F.3d 976, 982 (7th Cir. 2002).

Here, Plaintiff's complaint sufficiently alleges all three elements of deliberate indifference. First, Plaintiff alleges that his foot required surgery and the assistance of special shoes, crutches, and wheelchairs. (2d Am. Compl. ¶ 6.) Moreover, Plaintiff alleges that Defendant Ghosh, himself, determined that Plaintiff's conditions warranted physical therapy treatments. (*Id.* ¶ 7.) Because doctors determined that his foot required surgery, special equipment, and physical therapy, Plaintiff's foot injury would plausibly constitute an objectively serious medical condition. *See Hayes*, 546 F.3d at 522. Next, Plaintiff's complaint alleges that Defendant Ghosh knew of his medical conditions and refused to treat him. (2d Am. Compl. ¶¶ 8-9.)

In response, Defendants argue that Defendant Ghosh attempted to treat Plaintiff in 2009, which Plaintiff acknowledges. (*Id.* ¶ 7.) However, the complaint further alleges that Plaintiff's condition later worsened, at which point Defendant Ghosh failed to evaluate Plaintiff or to make himself available to Plaintiff, despite Plaintiff's repeated pleas for assistance. (*Id.* ¶ 14.) Thus,

the fact that Defendant Ghosh once treated Plaintiff in 2009 is not dispositive for purposes of Defendants' Rule 12(b)(6) motion. Lastly, the complaint further alleges that Plaintiff suffered increased physical pain and mental anguish as a direct result of Defendant Gosh's deliberate indifference. (*Id.*) Therefore, Plaintiff's complaint contains sufficient facts to support each element of Plaintiff's cause of action against Defendant Ghosh for deliberate indifference to a serious medical condition.

## Conclusion

For the reasons provided in this Memorandum Opinion and Order, the Court denies Defendants' motion to dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). [Doc. No. 52].

**SO ORDERED**               **ENTER: 9/10/13**

**JOHN Z. LEE**
**U.S. District Judge**